UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DUSTIN PARKER,

                                        Petitioner,

v.                                                                5:24-cv-886 (BKS/TWD)


CLINT HALFTOWN, et al.,

                                Respondents.
_____

APPEARANCES:                              OF COUNSEL:

NIXON PEABODY, LLP                        DANIEL J. HURTEAU, ESQ.
Counsel for Petitioner                    JAMES BRENNAN, ESQ.
                                          KASEY KASPAR HILDONEN, ESQ.


BARCLAY DAMON, LLP                        DAVID BURCH, ESQ.
Counsel for Respondents                   MICHAEL NICHOLSON, ESQ.


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

    Presently before the Court in this matter involving Petitioner's petition, Dkt. No. 1, for a

writ of habeas corpus under the Indian Civil Rights Act of 1968, 25 U.S.C. §§ 1301-03

("ICRA"), is Plaintiff's letter request that the Court expand the record, pursuant to Rule 7 of the

Rules Governing Section 2254 habeas proceedings ("Habeas Rules").   Dkt. No. 60.

Respondents oppose the request.   Dkt. No. 61.   Specifically, Petitioner seeks to include in the

record materials regarding the Cayuga Nation's "political, cultural, and legal history pertaining

to the adjudication of criminal and civil matters, including protections afforded to the accused,

and the Nation's use of banishment as a criminal or civil penalty."   Dkt. No. 60 at 1.   Petitioner

made a similar request for discovery of such information under Rule 6 of the Habeas Rules

which the Court previously denied, except for a specific interrogatory related to one of the individual Respondents.   *See* Dkt. No. 58.

As an initial matter, the Court previously ordered that the Habeas Rules governing Section 2254 cases apply in this matter.   Dkt. No. 47.   A federal court's power to grant habeas relief is restricted under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that the writ may issue "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a). The AEDPA

> restricts the ability of a federal habeas court to develop and consider new evidence.   Review of factual determinations under § 2254(d)(2) is expressly limited to "the evidence presented in the State court proceeding."   And in *Cullen v. Pinholster*, 563 U.S. 170, 181 [] (2011), we explained that review of legal claims under § 2254(d)(1) is also "limited to the record that was before the state court."   This ensures that the "state trial on the merits" is the "main event, so to speak, rather than a tryout on the road for what will later be the determinative federal habeas hearing."   *Wainwright v. Sykes*, 433 U.S. 72, 90 [] (1977) (internal quotations marks omitted).

*Shoop v. Twyford*, 596 U.S. 811, 819 (2022).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."   *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause.   Good cause is illustrated where the petitioner advances "specific allegations before the court [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ."   *Bracy*, 520 U.S. at 909 (internal quotation marks omitted).   Habeas Rule 7 permits federal courts to "direct the parties to expand the record by submitting additional materials relating to the petition."   Fed. R. Governing § 2254 Cases 7(a).   The materials that may be

added "include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.   Affidavits may also be submitted and considered as part of the record."   *Id.* 7(b).   The decision of whether to order an expansion of the record is within the sound discretion of the district court.   *See generally Lonchar v. Thomas,* 517 U.S. 314, 326 (1996).

Petitioner asserts the record is not sufficient "to establish the outer boundaries of process due Petitioner in the context of the Nation's political, cultural, and legal history."   Dkt. No. 60 at 1.   He has "identified several members of the Nation . . . that are willing to submit affidavits to the record that outline their knowledge of the political, cultural, and legal history of the Nation" and he "has also identified scholarly sources on the history of the Nation . . . that may . . . aid the Court in determining the outer bounds of due process afforded to Nation citizens under the ICRA."   *Id.* at 2.   However, just as in the previous motion for discovery under Rule 6, *see* Dkt. No. 51, Petitioner has failed to provide sufficient reasoning as to why the information with which he seeks to expand the record should be included in the record before this Court other than unfounded speculation that the information he seeks to include may aid the Court.

In support of his request to expand the record, Petitioner makes many of the same legal and factual arguments he raised in his previous motion for discovery as to why consideration of additional evidence, outside the record presently before this Court, is necessary to properly evaluate his habeas claims.   *Compare* Dkt. No. 60 *with* Dkt. No. 51.   As the Court previously found, the similar discovery Petitioner previously requested under Rule 6 of the Habeas Rules was denied as conclusory and speculative.   *See* Dkt. No. 58.   As also indicated in the Answer, the Respondents have submitted the entire record regarding the underlying banishment proceedings, Dkt. No. 48, which is consistent with the Habeas Rules wherein the respondent has

a duty to produce all relevant underlying records and transcripts to the Court.   *See* Fed. R.

Governing § 2254 Cases 5.   Petitioner has not demonstrated that the information he seeks to add

might entitle him to relief.   He has provided nothing but vague and conclusory arguments about

why the documents he wants to include should be in the record.   He fails to specifically identify

how any of the documents he seeks to include would actually demonstrate that the banishment

ordinance is inconsistent with the Nation's traditions or how they are relevant to his claims.

Accordingly, he has failed to establish any good cause for including these documents in the

habeas record.   *See Jackson v. Capra*, No. 9:19-CV-1542 (DNH/CFH), 2020 WL 14020065, at

*2-3 (N.D.N.Y. Apr. 21, 2020) (denying motion to expand the record where petitioner failed to

produce specific reasons for why the requested documentation supported his claims and instead

was indiscriminately attempting to find something possibly helpful to his allegations).

Moreover, Petitioner's argument that inclusion of this information is necessary to aid the

District Court in fully reviewing the due process First Cause of Action falls short.   The Supreme

Court has explicitly held

> that review under § 2254(d)(1) is limited to the record that was
> before the state court that adjudicated the claim on the merits.
> Section 2254(d)(1) refers, in the past tense, to a state-court
> adjudication that "resulted in" a decision that was contrary to, or
> "involved" an unreasonable application of, established law.   This
> backward-looking language requires an examination of the state-
> court decision at the time it was made.   It follows that the record
> under review is limited to the record in existence at that same time
> i.e., the record before the state court.

*Cullen*, 563 U.S. at 181-82.   The "AEDPA's statutory scheme is designed to strongly discourage

[the submission of new evidence because] . . . federal courts sitting in habeas are not an

alternative forum for trying facts and issues which a [petitioner] made insufficient effort to

pursue in state proceedings."   *Id.* at 186; *see also Greene v. Fisher*, 565 U.S. 34, 44 (2011)

4

(explaining the rationale behind *Cullen*, namely that "§ 2254(d)(1) requires federal courts to focus on what a state court knew and did and to measure state-court decisions against [Supreme Court] precedents as of the time the state court renders its decision") (internal quotation marks and emphasis omitted).   Here, the information Petitioner seeks to include in the record was not before the Cayuga Nation Civil Court at the time of the banishment proceeding.   Moreover, Rule 7 does not contemplate scholarly materials, or creating new letters that were not in existence at the time of the underlying proceedings, and any affidavits permitted are generally in the context of disputes over plea deals and negotiations.   *See, e.g.*, *United States v. Carlino*, 400 F.2d 56, 58 (2d Cir. 1968); *Raines v. United States*, 423 F2d 526, 530 (4th Cir. 1970) (citing *Carlino*, 400 F.2d at 56).

Finally, as noted above, any argument under § 2254(d)(2) that the underlying decision was "based on an unreasonable determination of the facts" is insufficient to support expanding the record as requested in this case.   That subsection specifies that the federal court's inquiry must be determined "in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2); *see also Saxon v. Lempke*, No. 09-CV-1057, 2014 WL 1168989, at *36 (S.D.N.Y. Mar. 21, 2014) (concluding that evidence that "was not before the state court . . . cannot be considered when determining a [petitioner's] claim pursuant to §2254(d)(2)").

Accordingly, after due deliberation and considering the parties' submissions, it is hereby,

**ORDERED** that Petitioner's request, Dkt. No. 60, for leave to expand the record is **DENIED**.

Dated:  December 15, 2025
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

5